LINK: 8, 9
JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 08-08303 GAF (AJWx) | Date | January 20, 2009 |
|---|---|---|---|
| Title | Stanbrough et al. v. Georgia-Pacific Gypsum LLC et al. | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**      (In Chambers)

### ORDER RE: MOTION TO REMAND & MOTION FOR ATTORNEY'S FEES

**A. INTRODUCTION**

On October 7, 2008, plaintiffs Walter Stanbrough and Robert Farden sued their former employer, Georgia-Pacific Gypsum LLC ("GP-Gypsum"), Stanley Warenda, their former supervisor, and Koch Industries, Inc. ("Koch") in Los Angeles Superior Court, alleging various state claims, including age discrimination, harassment, and breach of contract. On December 17, 2009, Defendants timely removed the case to this Court on the basis of diversity jurisdiction. (Not. of Removal (Docket No. 1).) Plaintiff now moves to remand the case based on a lack of complete diversity, and seeks attorney's fees incurred in connection with the motion to remand. For the reasons set forth below, the motion to remand is **GRANTED**, and the motion for attorney's fees is **DENIED**.

**B. DISCUSSION**

*1. Motion to Remand*

Plaintiffs contend that Defendants' removal was improper because complete diversity is lacking, given that Plaintiffs and defendant Warenda are all California

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-08303 GAF (AJWx) | Date | January 20, 2009 |
|---|---|---|---|
| Title | Stanbrough et al. v. Georgia-Pacific Gypsum LLC et al. | | |

citizens. Defendants respond by asserting that Plaintiffs joined Warenda for the sole purpose of destroying diversity and preventing removal, and that his citizenship must therefore be ignored for purposes of determining diversity. If Defendants are correct that Warenda is a "sham" defendant, complete diversity would exist because defendants GP-Gypsum and Koch are not citizens of California.

The Court has jurisdiction to determine whether it has jurisdiction, and whether Warenda was fraudulently joined to the action to destroy complete diversity. McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). "If [a] plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." Id. "[T]here is a general presumption against fraudulent joinder," however, and a defendant carries a heavy burden and must prove fraudulent joinder by clear and convincing evidence. Hamilton Materials, Inc. v. Dow Chemical Corp., 494 F.3d 1203, 1206 (9th Cir. 2007). A defendant may meet this burden only by demonstrating "that there is no possibility that [the plaintiff] would be able to establish a cause of action against [the resident defendant] in state court." Dodson v. Spiliada Maritime Corp., 951 F.2d 40, 42 (5th Cir. 1992); accord Good v. Prudential Ins. Co. of Am., 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998). While Defendants are "entitled to present the facts showing the joinder to be fraudulent," McCabe, 811 F.2d at 1339, all disputed questions of fact and ambiguities in the law must be resolved in favor of the plaintiff, Dodson, 951 F.2d at 42; Plute v. Roadway Package Sys., Inc., 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001).

The only claim Plaintiffs allege against Warenda is harassment on the basis of age in contravention of sections 12940(j)(1) and (j)(3) of the California Government Code. Section 12940(j)(1) provides that "[i]t shall be an unlawful employment practice . . . [f]or an employer . . . or any other person, because of . . . age . . . , to harass an employee, an applicant, or a person providing services pursuant to a contract." Cal. Gov't Code § 12940(j)(1). Section 12940(j)(3) makes clear that "[a]n employee of an entity subject to this subdivision is ***personally liable*** for any harassment prohibited by this section that is perpetrated by the employee, regardless of whether the employer or covered entity knows or should have known of the conduct and fails to take immediate and appropriate corrective action." Id. § 12940(j)(3) (emphasis added).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-08303 GAF (AJWx) | Date | January 20, 2009 |
|---|---|---|---|
| Title | Stanbrough et al. v. Georgia-Pacific Gypsum LLC et al. | | |

Under the third cause of action in the complaint, Plaintiffs plead the following allegations of harassment:

> Defendants engaged in actions to harass plaintiffs because of their age. Defendants directed numerous comments to plaintiffs, as was stated above, shunned them in daily activities, refused to involve them in various projects, and took other actions directed toward plaintiffs.
> As a proximate result of defendants' willful, knowing, and intentional harassment, plaintiffs sustained damages in sums according to proof . . . [and] have suffered and continue to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to their damage in sums according to proof.
> Defendants' harassment of plaintiffs were done intentionally, in a malicious, oppressive manner, entitling plaintiffs to punitive damages.

(Compl. ¶¶ 35–38.)  Defendants contend that, even if Plaintiffs' allegations are presumed to be true, they do not establish a claim for harassment on the basis of age because they do not "demonstrate that Warenda's alleged conduct was severe enough or sufficiently pervasive."  (Opp. at 3 (citing Fisher v. San Pedro Peninsula Hosp., 262 Cal. Rptr. 842, 851, 854–55 (Ct. App. 1989)).)  In essence, the crux of Defendants' argument is that Plaintiffs have not pleaded sufficient facts to state a claim for age harassment under California law.

Fisher provides that "facts in support of each of the requirements of a statute upon which a cause of action is based must be specifically pled."  262 Cal. Rptr. at 849.  In addition, California courts have construed Fisher as requiring a showing of pervasive harassment to prove a claim of age harassment.  See, e.g., Fernandez v. West Hills Hosp. & Med. Ctr., No. B198416, 2008 WL 2612498, at *10 (Cal. Ct. App. July 3, 2008).  But even if the Court presumes for purposes of discussion that the complaint does not allege sufficient facts to meet this requirement as to Warenda, Defendants have failed to demonstrate fraudulent joinder.  As explained above, Defendants must demonstrate that Plaintiffs ***could not possibly state a claim*** against Warenda in state court.  Even if the allegations in Plaintiffs' complaint are insufficient to withstand a demurrer in state court, an issue as to which the Court offers no opinion, Defendants have not sufficiently established that Plaintiffs could not amend their complaint and add additional allegations

LINK: 8, 9
JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-08303 GAF (AJWx) | Date | January 20, 2009 |
|---|---|---|---|
| Title | Stanbrough et al. v. Georgia-Pacific Gypsum LLC et al. | | |

to correct any deficiencies. In other words, the complaint's shortcomings, if any, are strictly factual; Plaintiffs clearly may pursue a cause of action for harassment against Warenda under section 12940(j)(3) of the California Government Code if they can allege sufficient facts.

Accordingly, Defendants have failed to satisfy their heavy burden of proving fraudulent joinder. The Court must therefore consider Warenda's citizenship in determining whether complete diversity exists in this case. It is undisputed that Warenda is a citizen of California, of which both Plaintiffs are also citizens. Therefore, complete diversity does not exist. Plaintiffs' motion to remand is **GRANTED**, and the case is **REMANDED** to Los Angeles Superior Court.

### 2. *Motion for Attorney's Fees*

A court that remands a case to state court based on improper removal "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c); Gardner v. UICI, 508 F.3d 559, 561 (9th Cir. 2007). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).

Plaintiffs seek $3,800 in attorney's fees for preparing and bringing the motion to remand. However, Plaintiffs have not shown the existence of "unusual circumstances," and the fact that they prevailed on the motion to remand does not necessarily establish that Defendants lacked an objectively reasonable basis for seeking removal. See Gardner, 508 F.3d at 562 ("[W]hether a removal is improper is not dispositive in determining whether fees should be awarded under 28 U.S.C. § 1447(c)."). Accordingly, the motion for attorney's fees is **DENIED**.

### C. CONCLUSION

For the foregoing reasons, the motion to remand is **GRANTED**, and the case is **REMANDED** to Los Angeles Superior Court. Plaintiffs' motion for attorney's fees

LINK: 8, 9
JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-08303 GAF (AJWx) | Date | January 20, 2009 |
|---|---|---|---|
| Title | Stanbrough et al. v. Georgia-Pacific Gypsum LLC et al. | | |

pursuant to 28 U.S.C. § 1447(c) is **DENIED**. The hearing previously scheduled for Monday, January 26, 2009 is **VACATED**.

   **IT IS SO ORDERED.**